DAVID R. HOLMQUIST (SBN 179872)
*david.holmquist@lausd.net*
GREGORY L. MCNAIR (SBN 132941)
*gregory.mcnair@lausd.net*
LOS ANGELES UNIFIED SCHOOL DISTRICT
OFFICE OF GENERAL COUNSEL
333 S. Beaudry Avenue, 24th Floor
Los Angeles, CA 90017
Telephone: (213) 241-6601

STEVE W. BERMAN (*pro hac vice*)
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292

ELAINE T. BYSZEWSKI (SBN 222304)
*elaine@hbsslaw.com*
LEE M. GORDON (SBN 174168)
*lee@hbsslaw.com*
CHRISTOPHER R. PITOUN (SBN 290235)
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Telephone: (213) 330-7150

[Additional Counsel Listed on Signature Page]

*Attorneys for Plaintiff the Los Angeles Unified School District*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & CO. and WELLS FARGO BANK, N.A.,<br><br>Defendants. | No. 2:14-cv-07370-ODW-RZ<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br><br>Date: February 9, 2015<br>Time: 1:30 p.m.<br>Judge: Hon. Otis D. Wright II<br>Ct. Room: 11<br>Trial Date: None Set<br><br>Complaint filed: September 19, 2014 |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. STANDARD OF REVIEW ................................................................................. 2

III. ARGUMENT ....................................................................................................... 2

    A. The "Orderly Course of Justice" Does Not Require a Stay Because This Court Has Already Determined That a Disparate Impact Claim Is a Viable Theory Under Ninth Circuit Law and the Disparate Treatment Claim Would Remain Regardless. ........................................................................ 2

    B. Refusing to Grant a Stay Will Not Cause "Hardship or Inequity" Because Wells Fargo Is Already Defending Against a Disparate Impact Claim in a Related Case and Disparate Treatment Claim in This Case. .................................... 4

    C. LAUSD Will Be Prejudiced by a Stay Because Evidence Is Likely to Become Stale. ........................................................................ 4

IV. CONCLUSION .................................................................................................... 5

## I. INTRODUCTION

Based on nothing more than speculation, Wells Fargo erroneously argues that the Supreme Court's decision to grant certiorari in *Texas Dep't of Hous. & Cmty. Affairs v. The Inclusive Cmt'ies. Project, Inc.,* 135 S. Ct. 46 (2014) ("*Texas Dep't of Housing*"), somehow translates into a "decision [that] is likely to dramatically impact this litigation, if not result in outright dismissal." Motion to Stay ("MTS") at 1:11-12. But Wells Fargo ignores that this Court has already addressed the Supereme Court's grant of certiorari in one of the related City actions and determined that it "holds no sway over the FHA claim here." *See City of L.A. v. JPMorgan Chase & Co.*, No. 2:14-CV-04168-ODW, 2014 WL 6453808, at *9 (C.D. Cal. Nov. 14, 2014) ("*L.A. v. JPMorgan*").[1]

Indeed, none of the Ninth Circuit's factors favoring a stay is present here. First, "the orderly course of justice" does not require a stay. *See CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). As this Court has recognized, a Fair Housing Act ("FHA") disparate-impact claim is a viable theory under Ninth Circuit precedent. Moreover, LAUSD's lawsuit also involves a disparate treatment claim, for which an "inference of intent may be drawn from statistical evidence." *American Fed'n of State, Cnty., & Mun. Emps., AFL-CIO (AFSCME) v. State of Wash.*, 770 F.2d 1401, 1407 (9th Cir. 1985). So Wells Fargo will incur no additional costs in continuing to defend against the disparate impact claim. Likewise, Wells Fargo is already defending against disparate impact and disparate treatment claims in the related City action, *City of L.A. v. Wells Fargo & Co.*, No. 2:13-cv-09007-ODW ("*L.A. v. Wells Fargo*"). Finally, a stay would prejudice LAUSD as relevant evidence becomes stale.

In short, this Court should deny Wells Fargo's motion to stay.

---

[1] Internal citations and quotations omitted and emphasis in original unless otherwise indicated. References to ¶__ are to paragraphs of the Complaint.

- 1 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOT. TO STAY
010457-14  734094 V1   Case No.: 2:14-cv-07370-ODW-RZ

## II. STANDARD OF REVIEW

Wells Fargo notes that the Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). However, the Supreme Court did not stop there. The Court continued, "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. The "competing interests" that must be balanced include "possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*, 300 F.2d at 268. After weighing these "competing interests," "[o]nly in **rare circumstances** will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255 (emphasis added).

## III. ARGUMENT

### A. The "Orderly Course of Justice" Does Not Require a Stay Because This Court Has Already Determined That a Disparate Impact Claim Is a Viable Theory Under Ninth Circuit Law and the Disparate Treatment Claim Would Remain Regardless.

A stay will not promote the "orderly course of justice" for two main reasons. First, this Court has already considered the grant of certiorari in *Texas Dep't of Housing* in one of the related City actions: "[T]he Court recognizes that the Supreme Court has granted certiorari on the availability of a disparate-impact theory of liability under the FHA." *L.A. v. JPMorgan*, 2014 WL 6453808, at *9 (citing *Texas Dep't of Housing*, 134 S.Ct. at 46). However, "[t]his Court is bound by Ninth Circuit precedent on the availability of a disparate-impact theory of liability under the FHA." *L.A v. JPMorgan*, 2014 WL 6453808, at *9 (citing *Ojo v. Farmers Grp.*,

- 2 -

*Inc.,* 600 F.3d 1205, 1208 (9th Cir. 2010)). "The Supreme Court's decision to take up the disparate-impact question in *Texas Dep't of Housing*…holds no sway over the FHA claim here, unless and until it holds that disparate-impact is not an available theory under the FHA." [2] *L.A. v. JPMorgan*, 2014 WL 6453808, at *9. Thus, the Court's analysis clearly indicates that there is no need for a stay.

Second, a stay would unreasonably delay litigation of LAUSD's disparate treatment claim. Wells Fargo admits that the disparate treatment claim will remain regardless of the outcome of *Texas Dep't of Housing*. MTS at 8:10-12. So Wells Fargo's reliance on *Kaltwasser v. Cingular Wireless LLC,* No. C 07-00411 JF (PVT), 2010 WL 2557379, at *2 (N.D. Cal. June 21, 2010), is entirely misplaced. MTD at 8:14-9:7. In that instance, the Supreme Court's decision to grant certiorari could both "narrow significantly" the number of potential class members who had standing and reduce the class period from almost four years to six months. *Kaltwasser*, 2010 WL 2557379, at *2. Here, neither the standing of "hundreds of thousands (if not millions) of Californians" nor the damages period are at issue. *Id*. And, as this Court noted in one of the related City actions, LAUSD's FHA claim could still by proven by a disparate treatment theory, *even if* the Supreme Court were to decide that disparate impact were not a viable theory under the FHA. *See L.A. v. JPMorgan*, 2014 WL 6453808, at *8-9. Thus, there is no reason to delay LAUSD's case from moving forward.

---

[2] Wells Fargo also cites *American Ins. Assoc. v. U .S. Dep't of Hous. & Urban Dev.* for its proposition that the FHA "prohibits disparate treatment only." No. 1:13–cv–00966–RJL, 2014 WL 5802283, at *12 (D.D.C. Nov. 7, 2014). However, this Court explained that "neither [this case nor *Texas Dep't of Housing*] dictates a different result on disparate impact here" because "[a] district-court decision in another circuit does not alter the analysis." *L.A. v. JPMorgan*, 2014 WL 6453808, at *9.

- 3 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOT. TO STAY
010457-14 734094 V1  Case No.: 2:14-cv-07370-ODW-RZ

### B. Refusing to Grant a Stay Will Not Cause "Hardship or Inequity" Because Wells Fargo Is Already Defending Against a Disparate Impact Claim in a Related Case and Disparate Treatment Claim in This Case.

Wells Fargo will suffer no hardship by the Court allowing LAUSD's disparate impact claims to go forward. First, the investment of time and resources to defend against LAUSD's disparate-impact claims would overlap with defending against the disparate treatment claim, because to establish that claim an "inference of intent may be drawn from statistical evidence." *AFSCME,* 770 F.2d at 1407; *see also Lowe v. City of Monrovia*, 775 F.2d 998, 1008 (9th Cir. 1985) (statistical evidence may be probative of the discriminatory motive required to prove disparate treatment).

Moreover, Wells Fargo is already facing a similar disparate-impact claim in *L.A. v. Wells Fargo* for its lending practices during the same period. Accordingly, discovery and motion practice in this case will largely overlap efforts already undertaken there. Thus, Wells Fargo's position that granting a stay will avoid "hardship" or "inequity" is without merit.

### C. LAUSD Will Be Prejudiced by a Stay Because Evidence Is Likely to Become Stale.

A stay will prevent the collection of timely testimony and evidence. *See Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (recognizing that "[d]elay inherently increases the risk that witnesses' memories will fade and evidence will become stale"). Further, while a stay is in effect, critical evidence may inadvertently be lost or destroyed. *I.K. ex rel. E.K. v. Slyvan Union School Dist.*, 681 F. Supp. 2d 1179, 1193 (E.D. Cal. 2010) (citing *New York v. Hill*, 528 U.S. 110, 117 (2000)). In addition, witnesses may relocate outside the jurisdiction. *Id.*

In the present case, the District seeks evidence and testimony relating to events dating as far back as 2004. *See* ¶ 3. Much of the evidence only exists in electronic form. As time passes, the operating systems that house the relevant data will become

- 4 -

1  increasingly obsolete.  With every new update in technology, there is a risk that
2  accessing this evidence will become more difficult as Wells Fargo might lose the
3  means to support these antiquated data storage systems.  Similarly, LAUSD plans to
4  support its case with testimony from Wells Fargo employees.  Such testimony is
5  inevitably based on their memory.  A stay that allows memories to fade potentially
6  prejudices both parties.

7  Finally, Wells Fargo notes that LAUSD counsel sought a stay for a similar
8  action now pending in the Southern District of Florida.  MTS at 10:25-11:8.
9  However, Wells Fargo fails to note that counsel obtained the stay in an entirely
10 different context.  There, the distict court had already dismissed the City of Miami's
11 cases against Wells Fargo, CitiGroup, and Bank of America.  *See City of Miami v.*
12 *Bank of Am. Corp.*, No. 1:13-cv-24506-WPD, 2014 WL 3362348 (S.D. Fla. July 9,
13 2014).  So counsel sought the stay for a later-filed action against JPMorgan, which
14 was pending before the same district court, while the decisions with respect to the
15 earlier-filed actions are up on appeal.  In contrast, here, the City's claims have been
16 allowed to proceed and those claims include both disparate treatment and disparate
17 impact claims under the FHA.

### IV.   CONCLUSION

19 For the foregoing reasons, LAUSD respectfully requests that this Court deny
20 Wells Fargo's motion to stay proceedings.

22 Respectfully submitted,

23 DATED:   December 22, 2014            HAGENS BERMAN SOBOL SHAPIRO LLP

24                                       By: /s/ Steve. W. Berman
                                         Steve W. Berman (*pro hac vice*)
25                                       steve@hbsslaw.com
                                         1918 Eighth Avenue, Suite 3300
26                                       Seattle, WA  98101
                                         Telephone:  (206) 623-7292
27

- 5 -

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOT. TO STAY
010457-14 734094 V1   Case No.: 2:14-cv-07370-ODW-RZ

Elaine T. Byszewski (SBN 222304)
*elaine@hbsslaw.com*
Lee M. Gordon (SBN 174168)
*lee@hbsslaw.com*
Christopher R. Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Telephone:  (213) 330-7150

David R. Holmquist (SBN 179872)
*david.holmquist@lausd.net*
Gregory L. McNair (SBN 132941)
*gregory.mcnair@lausd.net*
LOS ANGELES UNIFIED SCHOOL DISTRICT
OFFICE OF GENERAL COUNSEL
333 S. Beaudry Avenue, 24th Floor
Los Angeles, CA 90017
Telephone:  (213) 241-6601

Clifton Albright (SBN 100020)
*clifton.albright@ayslaw.com*
ALBRIGHT YEE & SCHMIT
888 West 6th Street, Suite 1400
Los Angeles, CA  90017
Telephone: (213) 833-1700

*Attorneys for Plaintiff the Los Angeles Unified School District*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on December 22, 2014, I electronically filed the foregoing |
| 3 | document using the CM/ECF system which will send notification of such filing to |
| 4 | the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic |
| 5 | Mail Notice List. |

```
                                    /s/ Erika Shaw
                                    Erika Shaw
```